**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VAL POPESCU, an individual<br><br>　　　　　　　　　　　　　　Plaintiff,<br>　vs.<br><br>4ACCESS COMMUNICATIONS, INC., a corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　　　　Defendants. | CASE NO. 07-CV-0063 JM (AJB)<br><br>[Related Case No. 06cv2709]<br><br>**ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE**<br><br>**[Docket No. 16]** |

## I.     INTRODUCTION

This is a breach of contract action for back wages owed, removed to this court on the basis of diversity jurisdiction. Presently before the court is defendant 4Access Communications' ("Defendant") Rule 12(b)(3) motion to dismiss for improper venue based on a forum selection clause in Plaintiff's employment contract (the "Contract"). Plaintiff opposes the motion. The court held a hearing on the matter on March 23, 2007. After considering the parties' papers and the authorities cited therein, as well as the oral argument of counsel, the court hereby **GRANTS** the motion for the following reasons.

## II.     BACKGROUND

In February 2002, Defendant hired Plaintiff as Defendant's Chief Technology Officer pursuant to the Contract. Davis Decl., Ex. A (copy of contract). The Contract provided that "[a]ny judicial proceedings between the parties under this Agreement shall be brought in the Circuit Court of Cook

1  County, Illinois, or the United States District Court for the Northern District of Illinois, Eastern
2  District." Id. ¶ 6.2 (the "forum selection clause"). The Contract further provided that

> the term of this Agreement shall commence on _____, 2002 and end upon the expiration of twenty-four (24) months (the Contractual Employment Period). Thereafter, Employee's employment with Company shall continue at the will of the Company (the At Will employment Period). The entire period of time in which Employee is employed by Company shall be referred to as the Employment Period.

Id. ¶ 2.1.

Plaintiff's employment lasted from about February 2002 until January 2007, at which point Defendant terminated him. Plaintiff filed his complaint in state court on November 2, 2006. On January 10, 2007, Defendant removed the suit to this court.

Defendant now moves to dismiss on the ground that venue is proper only in Illinois pursuant to the Contract's forum selection clause. Plaintiff argues that although Illinois may be the proper venue for wages owed during the two-year "Contractual Employment Period", the forum selection clause does not govern the "At Will Employment Period" from about February 2004 to January 2007.

**III.  DISCUSSION**

Rule 12(b)(3) is the proper vehicle for moving to dismiss pursuant to a forum selection clause. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). When ruling on a 12(b)(3) motion, the court does not accept the allegations as true and may consider matters outside the pleadings. Id.

Federal law governs the enforceability of forum selection clauses. Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir.1988). Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." M/S Bremen v. Zapata Off-shore Co., 407 U.S. 1, 10 (1972) (internal quotations omitted) (enforcing parties' choice to litigate disputes in London, England); see also Pelleport Investors, Inc. v. Budco Quality Theatres, 741 F.2d 273, 279 (9th Cir. 1984) (applying Bremen rule to domestic forum selection questions). The presence of fraud, undue influence, "overweening bargaining power", or serious inconvenience to the parties makes enforcement of a forum selection clause unreasonable. Bremen, 407 U.S. at 12-13, 16-17; Docksider, Ltd v. Sea Technology, Ltd., 875 F.2d 762, 763 (9th Cir. 1989). The party resisting dismissal must meet a "'heavy burden of proof'".

. . to set aside the clause on grounds of inconvenience." <u>Carnival Cruise Lines v. Shute</u>, 499 U.S. 585, 595 (1990) (quoting <u>Bremen</u>, 407 U.S. at 17).

Both contract and tort claims may be subject to forum selection clauses, and "[w]hether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." <u>Manetti-Farrow</u>, 858 F.2d at 514; <u>see also</u> <u>Bender Shipbuilding & Repair Co., Inc. v. The Vessel Drive Ocean V</u>, 123 F.Supp.2d 1201, 1207 (S.D. Cal. 1988) (same), aff'd sub nom. <u>Odin Shipping Ltd. v. Drive Ocean V MV</u>, 221 F.3d 1348 (9th Cir. 2000) (unpublished).

The court finds that resolution of Plaintiff's claim for wages owed during the at-will employment period "relates to interpretation of the contract." <u>Manetti-Farrow</u>, 858 F.2d at 514. Any determination of whether such wages are due "cannot be adjudicated without analyzing whether the parties were in compliance with the contract." <u>Id.</u> At the heart of this case is the employment relationship between the parties, a relationship that flows from the Contract. Therefore, the forum selection clause must be enforced with respect to the entirety of Plaintiff's claim.[1]

Nor has Plaintiff set forth any argument as to why the forum selection clause should be disregarded for fraud, undue influence, or overweening bargaining power. <u>Bremen</u>, 407 U.S. at 12-13, 16-17. As to inconvenience, Plaintiff points out that Illinois is 2,000 miles away but does not provide specific reasons why this distance would cause inconvenience. Moreover, the fact of distance alone rarely satisfies the resisting party's heavy burden to prove inconvenience. <u>See</u>, <u>e.g.</u>, <u>Spradlin v. Lear Siegler Management Serv. Co., Inc.</u>, 926 F.2d 865, 869 (9th Cir. 1991) (finding that trial court did not abuse its discretion by enforcing employment contract's forum selection clause providing that all disputes would be litigated in Saudi Arabia, even when plaintiff resided in California).

/ / /

/ / /

/ / /

---

[1] Although at the hearing Plaintiff offered to waive his Contractual Employment Period damages in an amended pleading, the court would still consider the clause to apply. If tort claims flowing out of a contractual relationship may be subject to forum selection clauses, <u>Manetti-Farrow</u>, 858 F.2d at 514, then at-will employment damages growing out of the initial Contractual Employment Period would likewise be subject to the clause in this case.

## IV. CONCLUSION

The motion is **GRANTED**. This action is **DISMISSED** for improper venue.

**IT IS SO ORDERED.**

DATED: March 23, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties